**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SHAWN WEATHERUP,**

           **Plaintiffs,**

**v.**                                            **Case No. 8:17-cv-499-T-17TBM**

**SHAWNA LEE BURFORD WEATHERUP,**

           **Defendant.**

_____/

## REPORT AND RECOMMENDATION

      THIS MATTER is before the Court on the **Application to Proceed Without Prepayment of Fees and Costs (Long Form)** (Doc. 16) filed by Shawna Lee Burford Weatherup, which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## I.

      As indicated, Defendant seeks leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

Title 28 U.S.C. § 1915 further provides that "the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Title 28 U.S.C. 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "A defendant ... desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action."  28 U.S.C. § 1446(a).

"[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

The court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading.  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369

2

(11th Cir. 1998), overruled in part on other grounds as recognized in *Randall v. Scott*, 610 F.3d

701, 709 (11th Cir. 2010).

## II.

As an initial matter, the Application to Proceed Without Prepayment of Fees and Costs

(Doc. 2) is unsigned and thus incomplete.  As such, the affidavit is wholly insufficient to support

a declaration of indigency under 28 U.S.C. § 1915(a)(1).

In addition to the insufficiencies in the Application, the Notice of Removal fails to

provide a valid basis for removal or for the jurisdiction of this Court.  Defendant Shawna Lee

Burford Weatherup filed a Notice of Removal on February 28, 2017.  (Doc. 1).  She attaches a

copy of a Supplemental Petition to Modify Parenting Plan, Change of Name of Minor and Other

Relief filed in the Circuit Court of the Sixth Judicial Circuit in for a Pasco County, Florida.  *Id.*

at 11–17.  She claims this Court has original jurisdiction as it "relates to violation (sic) of 'due

process' and 'equal protection of the laws.'"  *Id.* at 2–3.  She further claims the Court has

diversity jurisdiction because she is resident of Hillsborough County and Plaintiff is a citizen of

the State of New York.  *Id.*

Upon review of Supplemental Petition and other records submitted, it does not appear

that the family law proceeding ongoing in the State court is one arising under federal law in order

to assert federal question jurisdiction.  *See* 28 U.S.C. § 1331 ("[t]he district courts ... have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States.").  As a general matter, "[t]he whole subject of the domestic relations of husband

and wife, parent and child, belongs to the laws of the States and not to the laws of the United

States." *Andenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (quoting *In re Burrus,* 136 U.S. 586,

593–94 (1890)); *see also Stone v. Wall,* 135 F.3d 1438 (11th Cir. 1998).  As such, federal courts such as this one lack jurisdiction to determine issues of divorce (including marital property rights), alimony, paternity, child custody, and child support.  504 U.S. at 703.

While Defendant here makes general allegations in her Notice of Removal that this case involves matters such as "conspiracy to commit kidnapping, false arrest, violation of civil rights, court and judicial officer misconduct..., violation of due process, abuse of powers under color of authority, cyber stalking and ... federal and state criminal activity," (Doc. 1 at 2), such is not apparent on the face of the pleadings filed.  To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal citations and quotations omitted); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  "There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim."  *Bank of N.Y. v. Angley*, 559 F. App'x 956, 958-9 (11th Cir. 2014) (citing *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").  On the face of what Defendant has filed, it appears the action is a straightforward matter arising under State law for child custody and other family matters.

Moreover, Defendant's assertion of diversity of citizenship does not provide the Court with jurisdiction.  Although Defendant asserts she is a resident of Hillsborough County and Plaintiff is a citizen of New York, her allegation is belied by the attachments to her Notice.  First, the Plaintiff/Petitioner in the State court action, Shawn Weatherup, lists his address Wesley Chapel, Florida.  While it does appear that Mr. Weatherup has filed a Petition to Permit Relocation with Minor Child, seeking permission to relocate to Bemus Point, New York (*see* Doc. 1 at 39–43), a mere request to relocate does not give rise to diversity for the purposes of 28 U.S.C. § 1332.  And, as movant appears to recognize in her Civil Cover Sheet (Doc. 1-1), both she and Plaintiff are citizens of this State.  Given that both Plaintiff and Defendants are currently residents of Hillsborough County, Florida, diversity of citizenship does not exist.

In sum, as set forth above, the defendants have failed to demonstrate any lawful basis for removal of this action to this Court.

### III.

Accordingly, upon review and consideration of the Application and papers filed herein, I recommend that the district judge **DENY** the construed motion to proceed *in forma pauperis* (Doc. 3), **DISMISS** this action for lack of jurisdiction, and **REMAND** to the State court for all further proceedings.  Further, I recommend that the Clerk be directed to terminate any pending motions and close the case.

Respectfully submitted on this
4th day of April 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


Copies to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
Any counsel of record or unrepresented party

6