UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN WEATHERUP,

    Plaintiff,

v.                                                       Case No: 8:17-cv-499-T-17TBM

SHAWNA LEE BURFORD WEATHERUP,

    Defendant.
_____

## ORDER

This cause comes before the Court pursuant to the *Report and Recommendation* (Doc. No. 6) (the "**R&R**") entered by United States Magistrate Judge Thomas B. McCoun, III on April 4, 2017. Through the R&R, the Magistrate Judge recommends that the Court deny the construed motion to proceed *in forma pauperis* (Doc. No. 2) (the "**IFP Motion**") filed by the Defendant, Shawna Lee Buford Weatherup (the "**Defendant**"), and that the case be remanded to state court. For the reasons set forth below, the R&R is **ADOPTED AND INCORPORATED BY REFERENCE**.

### I.    Background

The Defendant commenced this case by filing a notice purporting to remove a domestic relations case from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, along with the IFP Motion, on February 23, 2017. Magistrate McCoun reviewed the notice of removal, together with the IFP Motion and supporting documents, and concluded that this Court lacks jurisdiction to consider the state court action. As a result, the Magistrate Judge recommends that the IFP Motion be denied, and the case

remanded to state court for all further proceedings. As of the entry of this order, the Defendant has not responded to the R&R.

## II. Discussion

Under the Federal Magistrate's Act (the "**Act**"), Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to "submit to the judge of the court proposed findings of fact and recommendations for the disposition" by an Article III judge. 28 U.S.C. § 636(b)(1)(B). "Within fourteen days after being served with a copy [of a magistrate's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1). On review by the district court, "the court shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.* When no timely and specific objections are filed, case law indicates the court should review the findings using a clearly erroneous standard. *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1562 (M.D. Fla. 1993). Here, the Defendant has not objected to the R&R within the time permitted and, as a result, the Court deems the R&R to be unopposed. Upon due consideration, the Court concurs with the R&R.

## III. Conclusion

Accordingly, it is

**ORDERED** that the R&R is **ADOPTED AND INCORPORATED BY REFERENCE**. The IFP Motion is **DENIED**. The Clerk of Court is directed to **REMAND** this case to state court by sending a certified copy of this order to the Clerk of Court for the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

Order in Case No. 8:17-cv-00499-EAK-TBM

It is further **ORDERED** that the Clerk of Court is directed to **CLOSE** this case, and **TERMINATE** any pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 24th day of April, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties

3